IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>MASONRY SPECIALISTS, INC., an Illinois corporation,<br><br>Defendant. | No. 1:16-cv-524- |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **MASONRY SPECIALISTS, INC.**, as follows:

## COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

   (b) The Funds have been established pursuant to collective bargaining agreements

previously entered into between the Cement Masons and Operative Plasterers and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, **MASONRY SPECIALISTS, INC. ("MASONRY")** is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) **MASONRY** is an employer engaged in an industry affecting commerce.

5. Since August 15, 2002**, MASONRY** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees, by virtue of the written report forms signed by the company submitting some required contributions. (Exhibit "A")

6. By virtue of certain provisions contained in the collective bargaining agreements, **MASONRY** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **MASONRY** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for **January 1, 2012 through May 31, 2015, MASONRY** has failed to make some of the contributions from time to time required to be

paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes. An audit was performed for Area 143. Defendant owes $4,812.25 benefits, $481.22 10% liquidated damages and $935.00 audit costs. The total amount due by the Defendant is $6,228.47.

       **WHEREFORE**, Plaintiffs pray for relief as follows:

    A.    Judgment be entered on any amounts found to be due on the audits for Area 143 for the period **January 1, 2012 through May 31, 2015** for **$6,228.47**.

    B.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

    C.    **MASONRY** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

    D.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

                                               Respectfully submitted,

                                               MARK MCLESKEY, TRUSTEE AND
                                               INDIANA STATE COUNCIL, et. al.

                                               By: s/ Donald D. Schwartz
                                                      One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415